GARRISON, Judge.
This is an appeal from a judgment of the district court rendered March 28, 1985, granting Leonard Lee Knowles’ rule for termination of child support and denying Coralie[1] Tyler’s rule for contempt and to make past due child support payments ex-ecutory. From that judgment, Coralie Tyler appeals. No written or oral reasons for judgment are provided.
The Knowles were divorced on October 9, 1979. The court approved consent judgment provided as follows:
“IT IS ORDERED, ADJUDGED, AND DECREED, that the default herein entered on September 18, 1979, be now confirmed and made final and, accordingly, let there be judgment herein in favor of the plaintiff, Leonard Lee Knowles, Jr., and against defendant, Mrs. Coralie Ann Tyler, wife of Leonard Lee Knowles, Jr., decreeing an absolute divorce and forever dissolving the bonds of matrimony which heretofore existed between them,
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Coralie Ann Tyler, be and she is hereby found to be free from fault, both at the time of the initial separation and at the time of the rendering of this judgment of divorce.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff, Leonard Lee Knowles, Jr., be condemned to contribute support for his minor children by paying same to defendant in the sum of Fifty Dollars ($50.00) per week, said sum to be paid on the first and the fifteenth day of each month, and further that plaintiff is to pay the tuition for the placement of the minor child, Michael Knowles, in a Catholic school of plaintiff’s choice.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the care, custody and maintenance of the minor children, Leonard L. Knowles, Jr., Lauren Knowles, and Michael Knowles, is hereby awarded to defendant, Coralie Ann Tyler, with reasonable visitation rights awarded to plaintiff herein, Leonard Lee Knowles, Jr.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that each party is to pay their own attorney’s fees and costs.”
The above quoted divorce judgment of October 9, was further signed as “approved” by Coralie Tyler’s attorney. The above quoted judgment was not appealed and is now a final judgment binding upon the parties.
The judgment which is presently on appeal before this court provides as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the Rule for Contempt and to Make Past Due Child Support Payments Executory, and the Rule to have Child Support Payments Increased filed by Cora Lee Tyler Knowles, be dismissed at her costs;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Rule for Termination and/or Reduction of Child Support Payments filed by Leonard Lee Knowles, Jr., be granted, and that all child support payments due Cora Lee Tyler Knowles for the benefit of the children, Leonard Lee Knowles, III, Lauren Knowles, and Michael Knowles, be terminated effective as of September 18, 1984; and for all costs for the filing of these proceedings.”
Mr. Knowles continued to live in New Orleans with his second wife for some time. They then moved to Pearl River in St. Tammany Parish.[2]
Although Michael had been attending school in New Orleans, Coralie Tyler agreed to allow Michael to attend school in Pearl River. To that end, Ms. Tyler and Mr. Knowles executed two agreements:
“April 24, 1983
Coralie Tyler agrees to relinquish any child support previously agreed upon from Leonard L. Knowles, Jr. for Michael A. Knowles for the months starting June 1, 1983 through and including May, *252 1984, when Michael will be living with his father, Leonard L. Knowles, Jr. for the school week. The school week will start on Monday a.m. and end on Friday afternoon. Although Michael will not be attending school during the month of August, 1983, and will reside with his mother, it is agreed that child support will be relinquished for that month also.” “August 28, 1982
Coralie Tyler Knowles agrees to relinquish any child support previously agreed upon from Leonard L. Knowles, Jr. for Michael A. Knowles for the month of August, 1982 and for the school year of September, 1982 through and including May, 1983, when Michael will be living with his father, Leonard L. Knowles, Jr., for the school week. The school week will start on Monday a.m. and end on Friday afternoon. Upon completion of this school year, Michael will return to the residence of his mother, Coralie Tyler Knowles, and child support payments will continue as previously agreed upon.”
Thus it is clear that from the periods of August, 1982 through May, 1984, Mrs. Knowles relinquished child support payments.
For the period of September, 1979 through August, 1982, Mr. Knowles was under a judgment requiring him to pay $50.00 per week in child support. Sometime during this period, the oldest child reached age 18 and Mr. Knowles, without court approval, reduced the amount by one-third. The second child then reached age 18 and Mr. Knowles again without court approval reduced the amount he was then paying by half. The problem with this reduction, beside lack of court approval, is that the child support amount in the judgment was not “by head” per child, but was an “in globo” amount which by definition means that the whole amount continues to be owed, whether or not a particular child reaches majority. Thus Mr. Knowles still owes the difference on the payments for the period of September, 1979 through August, 1982.
Coralie Tyler testified that her husband owed her the sum of $4,117.07.
Mr. Knowles corroborated her testimony and introduced evidence in support thereof. Accordingly, the trial court erred in failing to award to her a judgment in this amount. Accordingly, the judgment below should be reversed in part.
Turning to the rule to terminate or reduce child support, we note that this rule is predicated upon the fact that the child now resides with his father. Because the child now resides with the father, the father is thus fulfilling his paternal obligation to the child, such that he no longer owes child support for the period of time during which the child resides with him.
For the reasons discussed, the judgment of the district court is reversed in part as follows and in all other aspects is affirmed:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Coralie Tyler and against Leonard Knowles, granting to her past due child support in the sum of FOUR THOUSAND ONE HUNDRED SEVENTEEN AND 07/100 ($4,117.07) DOLLARS plus interest from the date of demand until paid.
AFFIRMED IN PART; REVERSED IN PART.

. Ms. Tyler’s name has various spellings throughout the record.

. The reason for the move is not disclosed in the record.